IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WILLIAMS, SCOTT & ASSOCIATES LLC and JOHN T. WILLIAMS, <br>    Plaintiffs, <br>           v. <br> UNITED STATES, <br>    Defendant. | Civil Action No. <br> 1:22-cv-02133-SDG |
| JOHN T. WILLIAMS, <br>    Plaintiff, <br>           v. <br> UNITED STATES, <br>    Defendant. | Civil Action No. <br> 1:22-cv-02727-SDG |

**OPINION AND ORDER**

John T. Williams brings these cases *pro se*.[1] After granting Williams's applications to proceed *in forma pauperis*, the magistrate judge referred the actions to this Court for frivolity review under 28 U.S.C. § 1915(e)(2)(B).[2] As explained below, both of these cases must be dismissed. But because Williams has also filed a motion for recusal, the Court addresses that issue first.

---

[1] Case No. 1:22-cv-02133-SDG (the 2133 Case), ECF 5; Case No. 1:22-cv-02727-SDG (the 2727 Case), ECF 2.

[2] 2133 Case, ECF 5; 2727 Case, ECF 2.

**I.      Motion to Recuse**

Williams filed a motion for undersigned to recuse in the 2727 Case.[3] He asserts that the assignment of his cases to judges in this district is not random and that, by assigning his cases to only two different judges, he has been denied the right to "a fair unbiased judge."[4]

> Under 28 U.S.C. §§ 144,
>
>> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Among other things, the affidavit must identify the facts and reasons for the party's belief that bias or prejudice exists. *Id.* The affidavit is strictly construed against the party seeking recusal. *See, e.g., Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988). Here, Williams has not provided the necessary affidavit and his recusal motion is subject to denial on that basis alone.

First, while Williams is plainly entitled to an unbiased judge, he has no basis to challenge how this district assigns cases to its judges. "District judges may by

---

[3]    2727 Case, ECF 9.

[4]    *Id.* at 2.

rule, order or consent transfer cases between themselves. Each judge of a multi-district court has the same power and authority as each other judge. Moreover, District Judges have the inherent power to transfer cases from one to another for the expeditious administration of justice." *United States v. Stone*, 411 F.2d 597, 598–99 (5th Cir. 1969) (per curiam) (citations omitted).[5] The mere assignment of a particular case to undersigned is not indicative of bias.

Second, allegations of bias under Section 144 must be "personal as opposed to judicial in nature." *United States v. Meester*, 762 F.2d 867, 884 (11th Cir. 1985). Personal means that the alleged bias stems "from an extra-judicial source and result[s] in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Sims*, 845 F.2d 1564, 1570 (11th Cir. 1988) (quoting *Meester*, 762 F.2d at 884).

There is no allegation by Williams that undersigned has any personal knowledge about Williams or any of the events that are purportedly relevant to his cases. Williams does not describe any conduct by this Court that reflects bias. His only allegations specific to undersigned are that his cases haven't moved

---

[5]   *Bonner v. City of Prichard, Ala.*, 661, F.2d 1206, 1209–10 (11th Cir. 1981) (adopting as binding precedent in Eleventh Circuit all decisions of Fifth Circuit made prior to October 1, 1981).

quickly enough.⁶ This Court has wide discretion to control its docket. *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). And, as will be clear from the discussion below, Williams's claims are not viable in any event. Without showing alleged bias and that such bias stems from an extra-judicial source, Williams cannot establish that recusal is appropriate under Section 144.

A party seeking recusal may also rely on 28 U.S.C. § 455(a), which requires a judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "[T]he standard of review for a § 455(a) motion 'is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality.'" *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (quoting *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988)). Nothing in Williams's motion suggests any factual or legal basis why this Court's impartiality would be questioned by a disinterested observer.

A judge must also disqualify himself if he "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts

---

6  ECF 2727, ECF 9, at 3.

concerning the proceeding." 28 U.S.C. § 455(b)(1). As with Section 144, under Section 455 the alleged bias must be extra-judicial. *Meester*, 762 F.2d at 884. *See also Williams v. Marshall*, 319 F. App'x 764, 769 (11th Cir. 2008) (per curiam) ("[T]he allegation of bias necessary to require disqualification must be 'personal as opposed to judicial in nature.'") (quoting *Meester*, 762 F.2d at 884). A prior adverse ruling "is a fact arising out of a judicial proceeding that does not create any question regarding the impartiality of the district court." *Williams*, 319 F. App'x at 769. Accordingly, this Court's prior rulings adverse to Williams do not alone provide a basis for recusal.

"[T]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *James v. Hunt*, Case No. 1:17-cv-1181, 2017 WL 4475945, at *1 (N.D. Ga. July 13, 2017) (quoting *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992)). "[A] judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation." *Id.* (quoting *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986)). Put differently, "a judge has a duty to deny recusal when proper grounds for recusal have not been shown." *Fed. Trade Comm'n v. Nat'l Urological Grp., Inc.*, Case No. 1:04-cv-3294, 2015 WL 13687740, at *3 (N.D. Ga. Oct.

27, 2015). Here, Williams has not shown any proper grounds for recusal. His motion for recusal is therefore **DENIED**.

## II.     The legal standard applicable to frivolity reviews

An *in forma pauperis* (IFP) complaint must be dismissed if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The purpose of § 1915(e)(2) is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989), *superseded by statute on other grounds as recognized in Christiansen v. Clarke*, 147 F.3d 655, 658–59 (8th Cir. 1998). *See also Ahumed v. Fed. Nat'l Mortg. Ass'n*, No. 1:11-cv-2175-ODE-RGV, 2011 WL 13318915, at *2 (N.D. Ga. Dec. 13, 2011) ("[T]he purpose of the frivolity review is to filter non-paying litigants' lawsuits through a screening process functionally similar to the one created by the financial

disincentives that help deter the filing of frivolous lawsuits by paying litigants.") (citing *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991)).

### III.   The 2133 Case

There are numerous reasons why the 2133 Case must be dismissed. The most pertinent are discussed below.

**a.   Williams, Scott & Associates LLC is not a proper party.**

First, Williams purports to bring this action on behalf of himself and Williams, Scott & Associates LLC (the Company). Because he is proceeding *pro se*, Williams may only represent himself. The Company can only appear through legal counsel, and cannot appear *pro se*, be represented by a *pro se* party, or proceed IFP. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 196, 201–02 (1993) (only a natural person may qualify for IFP treatment under 28 U.S.C. § 1915; a corporation may only appear in federal court through licensed counsel); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel."); LR 83.1(E)(2)(b)(I), NDGa ("[A] corporation may only be represented in Court by an attorney . . . ."). The Company is not properly a party to this litigation.

b.     **Williams's claims are precluded.**

Williams's complaint relates to his alleged unlawful arrest and prosecution on an indictment issued in 2014.[7] He is attempting to pursue *Bivens* claims against a former federal magistrate judge (Judge Janet King) and a current federal appellate court judge (Judge Richard Sullivan), as well as the United States itself— even though only the United States is identified in the case caption.[8] This is not the first time Williams has attempted to bring claims related to his prosecution and conviction.[9] In fact, this Court dismissed similar claims with prejudice over three years ago.[10] The Eleventh Circuit unanimously upheld that dismissal.[11]

To the extent the Court is able to decipher Williams's scattershot and shotgun allegations, they concern the same set of facts as his prior cases. "Res judicata acts as a bar 'not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative

---

[7]   *See generally* 2133 Case, ECF 6.

[8]   *Id.* at 3–4.

[9]   *See, e.g., Williams, Scott & Assoc. LLC v. United States*, Case No. 1:19-cv-03469 (N.D. Ga.); *Williams, Scott & Assoc. LLC v. Yates*, Case No. 1:19-cv-04253 (N.D. Ga.) (the 4253 Case); *Williams, Scott & Assoc. LLC v. King*, Case No. 1:19-cv-04856 (N.D. Ga.).

[10]   4253 Case, ECF 17.

[11]   *Id.*, ECF 32.

nucleus of fact.'" *Pleming v. Universal–Rundle Corp.*, 142 F.3d 1354, 1356 (11th Cir. 1998) (quoting *Manning v. City of Auburn*, 953 F.2d 1355, 1358–59 (11th Cir. 1992)). As the Eleventh Circuit has explained, "[r]es judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999) (citation omitted); *see also Manning*, 953 F.2d at 1358 ("Res judicata . . . bars relitigation of matters that were litigated or could have been litigated in an earlier suit."). "[C]laims that 'could have been brought' are claims in existence at the time the original Complaint is filed or claims actually asserted . . . in the earlier action." *Ragsdale*, 193 F.3d at 1240 (quoting *Manning*, 953 F.2d at 1358).

Without regard to the independent viability of Williams's current claims (which are frivolous in any event),[12] nearly all of the allegations in the 2133 Case could have been brought in the 4253 Case. Williams is barred from attempting to relitigate those issues.

---

[12] Williams's claims in the 2133 Case would be subject to dismissal for many of the same reasons this Court dismissed the claims in the 4253 Case: they are frivolous and fail to state a claim, and seek monetary damages that are barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). *Nelson v. Jimenez*, 178 F. App'x 983, 984 (11th Cir. 2006).

### c. Claims against Judge King and Judge Sullivan for monetary damages are barred.

Williams seeks a declaratory judgment; injunctive relief; compensatory and punitive damages; and costs and fees.[13] Judicial immunity protects judges from being sued and held civilly liable for damages based on carrying out their judicial duties. *Mireles v. Waco*, 502 U.S. 9, 11 (1991), *superseded on other grounds by statute as recognized in Peters v. Noonan*, 871 F. Supp. 2d 218, 226 (W.D.N.Y. 2012). "[T]he immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for judicial actions taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11–12 (citations omitted).

Here, all of Williams's allegations relate to actions taken by the judges in their judicial capacity. Although he disagrees with their rulings, Williams has not pleaded any facts that plausibly demonstrate that either Judge King or Judge Sullivan acted in the complete absence of jurisdiction. They are thus entitled to judicial immunity as to any claims for damages.

---

[13] 2133 Case, ECF 6, at 27.

### d. The Court lacks jurisdiction over claims related to Judge Sullivan in any event.

To the extent the Complaint contains allegations about conduct in 2020 by Judge Sullivan (who sits on the Second Circuit Court of Appeals),[14] this Court has no jurisdiction over the judge or such claims. The proper method for Williams to address Judge Sullivan's apparent denial of his Section 2255 motion or motion for recusal would have been to file an appeal. Nor does Williams provide any explanation as to how this Court might properly exercise personal jurisdiction over Judge Sullivan.

## IV. The 2727 Case

Similar to the Complaint in the 2133 Case, the 2727 Complaint alleges that Williams was unlawfully arrested and prosecuted under a 2014 indictment. In fact, large portions of the 2727 Complaint repeat verbatim allegations from the 2133

---

[14] 2133 Case, ECF 6, at 21–25. Before being elevated to the Second Circuit in 2018, Judge Sullivan was a district judge in the Southern District of New York for eleven years. United States Court of Appeals for the Second Circuit, Richard J. Sullivan, https://perma.cc/L7Q7-24JC (last visited Aug. 9, 2023). Despite the fact that he was a circuit judge in 2020, Williams's Complaint suggests that Judge Sullivan was sitting by designation as a district judge when he ruled on the Section 2255 and recusal motions. 2133 Case, ECF 6, at 21.

Complaint.[15] In the 2727 Case, Williams again names Judges King and Sullivan as Defendants even though they are not listed in the case caption.[16]

The main differences between the two cases are that the 2727 Complaint (1) attaches exhibits and (2) seeks reversal of Williams's criminal conviction as a remedy.[17] As with the 2133 Complaint, the claims in the 2727 Complaint are either precluded because they relate to the same nucleus of operative facts as his prior litigation or because this Court lacks jurisdiction over Judge Sullivan and his rulings on Williams's Section 2255 and recusal motions. Moreover, Williams has not identified how this Court has the jurisdiction or authority to reverse his ten-year-old criminal conviction from the Southern District of New York.

---

[15]   *Compare* 2133 Case, ECF 6 *with* 2727 Case, ECF 3.

[16]   2727 Case, ECF 3, at 3–4.

[17]   *Id.* at 27.

**V.     Conclusion**

Williams's motion for recusal [2727 Case, ECF 9] is **DENIED**. Williams's Complaints are frivolous and fail to state viable claims for relief. They are **DISMISSED** as frivolous pursuant to 28 U.S.C. 1915(e)(2)(B). All other pending motions [2133 Case, ECF 8; 2727 Case, ECFs 6, 10[18]] are **DENIED as moot**.

**SO ORDERED** this 22nd day of August, 2023.

Steven D. Grimberg
United States District Court Judge

---

[18] Williams's motion for relief from void judgment asks this Court to vacate his criminal conviction in the United States District Court for the Southern District of New York. 2727 Case, ECF 10.